Louis Rosenberg and Mary Rosenberg v. Commissioner.
Rosenberg v. Commissioner
Docket No. 3023.
United States Tax Court
1946 Tax Ct. Memo LEXIS 247; 5 T.C.M. (CCH) 138; T.C.M. (RIA) 46058; March 4, 1946
*247 Maurice Weinstein, Esq., 176 W. Wisconsin Ave., Milwaukee, Wis., for the petitioners. Charles J. Munz, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioners' income tax liability for the year 1940 in the sum of $470.20. This deficiency resulted from respondent's "disallowance of deduction for advances" to a corporation wholly owned by petitioner Louis Rosenberg, in the sum of $6,899.88. In petitioners' return for the taxable year filed on form 1040 a deduction was taken as "other deductions allowed by law" in the sum of $6,899.88. In Schedule H of the return this deduction was explained as "Riverside Candies, Inc. money lost in this company." In the explanation of adjustments attached to respondent's determination of deficiency the disallowance of this deduction is explained as follows: The deduction claimed on Line 18 of your return with respect to the uncollectibility of advances made to Riverside Candies Company, Inc., is disallowed for the reason that no proof has been submitted (1) in support of the amount alleged to have been advanced, or (2) to establish the propriety of a deduction, if *248 any, within the current year. The petitioners alleged in their petition that respondent erred in disallowing this sum "claimed by petitioners as a loss resulting from moneys invested in the Riverside Candy Company, Inc." In the very short statement of facts set out in the petition petitioners alleged that petitioner Louis Rosenberg owned all of the Candy Company's stock; that it continuously operated at a loss; that "said petitioner made loans to this company in excess of $7,400"; that the company went out of business in 1940; that Louis "received no reimbursement for any of the money so advanced"; and that he deducted for the taxable year "the sum of $6,899.88 which represented loans made to the company for which he was not reimbursed." After this statement of facts there appears the following paragraph (6): The petitioners rely upon the following propositions of law. That for the year 1940, under the Revenue Act applicable thereto, the petitioners are entitled to deduct from their income any losses sustained by them. At the time of the hearing herein petitioners filed, without objection, an amended petition containing the same statement of facts as appeared in the original *249 petition. Additions were made to paragraphs (4) and (6) of the original petition so that in the amended petition these paragraphs read as follows: (4) That the determination of the tax set forth in said deficiency letter contains and is based upon the following error: That the Commissioner of Internal Revenue erred in disallowing the sum of $6,899.88 claimed by the petitioners as a loss resulting from moneys invested in the Riverside Candy Company, Inc. That the taxpayer inadvertently failed to claim a loss of $10,000.00 on his 1940 return, which was sustained by him as a result of stock that he owned in the Riverside Candy Company which became worthless in 1940. * * * * *
(6) The petitioners rely upon the following propositions of law: That for the year 1940, under the Revenue Act applicable thereto, the petitioners are entitled to deduct from their income any losses sustained by them. That the petitioner is entitled to a loss deduction in addition to the sum claimed in paragraph four of $10,000.00. Respondent, in his answer to the amended petition, denied the errors alleged in paragraph (4), denied the allegations of paragraph (5), except the allegations that petitioners *250 deducted the sum of $6,899.88, and that this was disallowed; and denied "the allegations of fact, if any, contained in paragraph (6)." At the hearing the following opening statement was made by counsel for petitioner: Your Honor, this proceeding involves the year 1940, involving the taxpayer's right to deduct as a loss on his 1940 income tax return certain advances and loans he made to a corporation where he owned all the stock. Originally he had deducted some $6,400 representing advancements to this company and he did not deduct his loss on the stock. He invested about $10,000 in the stock of this company. The only reason he did not deduct the entire amount is because he did not know it practically wiped out his tax. Issue has been taken with two things: First, whether or not this money was ever advanced; second, whether the loss was properly sustainable in 1940. Thereupon counsel for respondent made the following opening statement: * * * Mr. Weinstein [counsel for petitioner] has stated the issues here. The Commissioner had the return examined of Mr. and Mrs. Rosenberg for the year 1940 and disallowed the loss that was taken on the return which they claimed as a bad debt *251 loss, because of the failure of the petitioners to satisfy the Commissioner the loss occurred in the year 1940. The matter of the $10,000 stock loss was not taken as a deduction upon the return but was presented to the Commissioner in conferences subsequent to that time, and again the Commissioner was not satisfied that the evidence showed that there was either the amount of the bad debts as claimed, and the amount of the loss for the worthless stock, and that both of these items occurred in the year 1940. Therefore, the matter came to you in that state. Findings of Fact Petitioners, who are husband and wife, reside in Milwaukee, Wis. They filed their joint Federal income tax return for the calendar year 1944 with the collector of internal revenue for the district of Wisconsin. Petitioner Louis Rosenberg will be hereinafter referred to as "petitioner". In 1932 petitioner engaged in the business of manufacturing candy as a sole proprietor under the name of "Puritan Candy Company". In 1934 the name of petitioner's business was changed from Puritan Candy Company to Riverside Candy Company which continued to be owned and operated by petitioner in his individual capacity until July 30, 1936, upon *252 which date petitioner cause to be organized a corporation known as Riverside Candies, Inc., to which corporation all of the assets of his sole proprietorship were transferred in exchange for the issuance to petitioner of stock of Riverside Candies, Inc. of a par value of $10,000. Thereafter, petitioner held all of the outstanding stock of Riverside Candies, Inc. with the exception of two qualifying shares. During the period from September 26, 1934 to March 26, 1936 petitioner invested in the business carried on by him as sole proprietor the total amount of $7,899.88. Riverside Candies, Inc. carried on the business of manufacturing candy from July 30, 1936 to June 30, 1940, on which latter date it ceased doing business. During this period the corporation continually lost money. Its income tax returns for the years 1936, 1937, 1938 and 1939 showed losses in the following amounts: 1936
$1,720.98
1937
5,323.43
1938
7,337.60
1939
6,373.90
The corporate balance sheets attached to these returns indicate a deficit for each of the tax years for which returns were filed as follows: 1936
$ 1,069.39
1937
8,009.15
1938
15,436.75
1939
21,810.65
*253 The balance sheet attached to the corporation's tax return for the year 1939 is as follows: Assets
Cash
$ 117.21
Notes and accts. receivable
1,930.77
Inventories
560.64
Machinery
2,609.08
Trade marks, good will, etc.
4,754.73
Total
$ 9,972.43
Liabilities
Accounts payable
$12,333.96
Notes payable
9,449.12
Common stock
10,000.00
Total
$31,783.08
The total sales of the corporation and its predecessor sole proprietorship for the year 1936 amounted to $59,291.24; in 1937 the total sales of the corporation amounted to $65,758.65; in 1938 the total sales were $41,985.62, and in 1939 the total sales made by the corporation were $12,360.80. The total sales from January 1, 1940 to June 30, 1940 made by the corporation were $10,511.07. At some time between July 30, 1936 and February 28, 1937 petitioner advanced to the corporation the total sum of $3,947.16. In 1939 and 1940 petitioner either advanced to the corporation, for the purpose of enabling it to pay its debts, or paid directly to the creditors of the corporation, the following: 1939
$605.44
1940
775.00
The business of the corporation was liquidated in 1940, and all *254 of its assets were in that year either sold or abandoned, and the proceeds were used to pay its debts. All of these debts were paid but no funds remained in the corporation with which to repay the advances of petitioner. Petitioner's advances to the corporation were in the nature of contributions to the corporation's capital. The investment of petitioner in the corporation, including the investment in its stock and his contributions to its capital, became worthless prior to the taxable year 1940. Opinion KERN, Judge: In our statement of the issues which immediately precedes our findings of fact, we have set out in great detail the formal acts of the parties out of which this case arose (the petitioners' return and the respondent's determination of deficiency), the pleadings herein and the opening statements of counsel. To say that the issues before us in this proceeding have not been framed with exactness and clarity is an understatement. We have, however, derived some help from the return, the allegations of the petition and the amended petition and the opening statement of petitioners' counsel in arriving at a conclusion with regard to the characterization of the advances *255 made by petitioner to Riverside Candies, Inc. With regard to the advances made by petitioner prior to July 30, 1936, to the business carried on by him as a sole proprietor, it is too apparent to warrant discussion that no debts were thereby created which petitioner could at any time deduct as worthless. However, with regard to the advances made by him after that sale to the corporation of which he was sole stockholder, they might be considered as either contributions to capital which enlarged and protected petitioner's investment in the corporation, or as loans giving rise to a debtor-creditor relationship. The criterion by which this question is to be determined is the intention of the parties as shown by all of the circumstances. See Daniel Gimbel, 36 B.T.A. 539. We are of the opinion that the advances made by petitioner to his wholly owned corporation were contributions made by him to its capital. Among the circumstances leading us to this conclusion are the prior transactions between petitioner and the business later carried on by the corporation, the fact that no payments on account of either interest or principal were ever made by the corporation to petitioner, *256 and the fact that upon liquidation of the corporation its obligations to petitioner were treated as subordinate to the rights of creditors. We also consider as a pertinent circumstance the ambiguous characterization of these advances by petitioner and his counsel in petitioners' return in which a deduction is not claimed on account of them as "bad debts" but as money lost in a business, the characterization of them in the petitions as losses rather than bad debts, and a similar characterization in counsel's opening statement. The whole tenor of these instruments, pleadings, and statement is to the effect that the advances in question were investments rather than loans. We turn now to the question of whether petitioner may deduct a loss on account of the worthlessness of his investments in Riverside Candies, Inc. from his gross income for the taxable year. We first point out that petitioner's basis for determining gain or loss as to this stock is not fully shown by the record. He acquired this stock by exchanging for it the assets of its predecessor sole proprietorship. It may be assumed that as a part of this transaction the corporation assumed the trade obligations of the proprietorship. *257 However, there is no evidence as to the net worth of the proprietorship business, or even as to the value of the assets so transferred; and, therefore, there is no evidence as to the original cost to petitioner of this stock. Consequently, the cost basis of this stock can only be, on the record before us, the total amount of the advances made by petitioner to the corporation after his acquisition of its stock. Regardless of petitioner's basis as to this stock, we are of the opinion that the record does not disclose that it had any value during the taxable year, and therefore, we can not say that it became worthless in 1940. Consequently, we hold that petitioner is not entitled to a deduction in the taxable year on account of the worthlessness of his stock in Riverside Candies, Inc. See Sterling Morton, 38 B.T.A. 1270, 1279. This conclusion makes it impossible for us to decide that respondent erred in disallowing any deduction claimed in the taxable year on account of petitioner's original investment in the stock of Riverside Candies, Inc., on his advances made to the company prior to 1940. However, as to the advances made by petitioner during the taxable year we are *258 of the opinion that they represented losses sustained by petitioner at the time when they were made. In so far as the record shows, petitioner's investments in the company made before 1940 were worthless, and the investment represented by petitioner's contributions to the company's capital in 1940 were equally worthless. Since they were made in the taxable year, however, and the company was liquidated in that year, they represented losses properly deductible by petitioner in 1940. As we have already found, they amount to $750.00. Decision will be entered under Rule 50.